

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00666-CV

**IN THE INTEREST OF B.C.A.**, R.G.A., and J.J.A., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-PA-00615
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Beth Watkins, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: December 18, 2024

DISMISSED FOR WANT OF JURISDICTION

On September 16, 2024, the trial court signed an order terminating appellant B.A.'s parental rights to his children B.C.A., R.G.A., and J.J.A. On October 4, 2024, the Texas Department of Family and Protective Services notified the trial court that B.A. died on September 29, 2024. However, on September 30, 2024, before he learned of B.A.'s death, B.A.'s appointed trial counsel timely filed a notice of appeal from the trial court's termination order. On December 10, 2024, B.A.'s appointed counsel filed a motion to dismiss this appeal, arguing B.A.'s death mooted the appeal.

"If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will

proceed to adjudicate the appeal as if all parties were alive." TEX. R. APP. P. 7.1(a)(1). We have previously held, however, that "Rule 7.1 does not dispense with the requirement of an existing actual controversy and generally an appeal will be allowed to proceed on the death of a party only if the judgment affects the parties' property rights as opposed to purely personal rights." *In re S.R.F.*, No. 04-21-00049-CV, 2021 WL 3742680, at *1 (Tex. App.—San Antonio Aug. 25, 2021, pet. denied) (mem. op.) (internal quotation marks omitted). "Conservatorship and possessory rights regarding children are considered personal rights; thus, the death of a party during an appeal of an order concerning child custody will generally moot the appeal." *Id.* at *2.

In *In re S.R.F.*, we dismissed a parent's appeal from a termination order as moot because the parent died during the appeal. *See id.* In the motion to dismiss, B.A.'s appointed counsel argues the same result is required here. We agree. The trial court's termination order affected B.A.'s personal rights, but it did not contain any provisions that affected his or any other party's property rights. Because B.A.'s death therefore mooted this appeal, we dismiss the appeal for want of jurisdiction. *See id.* at *1–2; *see also Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must . . . dismiss the case for want of jurisdiction.").

PER CURIAM